Nicole R. Van Dyk - State Bar No. 261646
  nvandyk@birdmarella.com
Julia B. Cherlow - State Bar No. 290538
  jcherlow@birdmarella.com
Darren L. Patrick - State Bar No. 310727
  dpatrick@birdmarella.com
BIRD, MARELLA, RHOW,
LINCENBERG, DROOKS & NESSIM, LLP
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Attorneys for Plaintiff Longbridge Financial, LLC*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGBRIDGE FINANCIAL, LLC, a Delaware limited liability company, | CASE NO. **'24CV1730 DMS VET** |
| Plaintiff, | **COMPLAINT FOR:** |
| vs. | **(1) FALSE AND DECEPTIVE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| MUTUAL OF OMAHA MORTGAGE, INC., a Delaware corporation; REVIEW COUNSEL LLC, a California limited liability company; ADVISORY INSTITUTE, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive, | **(2) UNFAIR BUSINESS PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE SECTION 17200;** |
| Defendants. | **(3) DECEPTIVE AND UNFAIR BUSINESS PRACTICES IN VIOLATION OF FLORIDA STATUTES SECTION 501.201** |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff Longbridge Financial, LLC, a Delaware corporation, brings this action against defendants Mutual of Omaha Mortgage, Inc., a Delaware corporation ("Mutual of Omaha," or "Mutual"), Review Counsel LLC, a California limited

liability company, and Advisory Institute LLC, a Delaware limited liability company (collectively, "Defendants"), and alleges as follows:

## NATURE OF THE CASE

1.      This is a case about Mutual of Omaha—a major player in the financial services sector—using sophisticated, highly deceptive websites to entice consumers into obtaining its reverse mortgage products. In doing so, Mutual targets some of the most vulnerable consumers in the industry: senior citizens looking to support themselves by taking equity out of their homes.

2.      A "reverse mortgage" is a loan specially designed for senior homeowners that allows borrowers to convert a portion of their home equity into cash without having to sell the home or make monthly mortgage payments, provided the borrower stays current on property taxes, insurance, and maintenance. Reverse mortgages can be an invaluable tool to help seniors provide for themselves and their families in retirement and to enable them to age in place, supplement their retirement income, or make modifications to their homes. But the process must be treated with transparency and care because, for many senior citizens, their home is the cornerstone of their family wealth and the asset they have invested the most in throughout their lives. Industry reports suggest that home equity represents more than two-thirds of total wealth for the average 65-year-old American couple.

3.      Unfortunately, as described herein, Mutual's process for marketing its reverse mortgage products is far from transparent, and Mutual does not treat its customer base—senior citizens—with the care they deserve. Rather, Mutual of Omaha and the other Defendants lure in and mislead unsuspecting seniors through an elaborate false advertising scheme driven by Mutual's ownership, control, and/or targeted use of advertising dollars on three different websites: ReviewCounsel.org (the "Review Counsel website"), AdvisoryInstitute.org (the "Advisory Institute website"), and RFSQualify.com (the "RFS website"). The Review Counsel and Advisory Institute websites falsely hold themselves out as "unbiased" consumer

review organizations with expertise in rating mortgage originators; and the RFS website holds itself out as an independent, consumer-focused education resource and reverse mortgage provider. In reality, all three sites are either directly or indirectly owned, operated, or controlled by Mutual, and mislead consumers for Mutual's benefit. Defendants' scheme has two basic parts:

4.      *First*, to funnel consumers to Mutual's products, the Review Counsel website and the Advisory Institute website publish sham ratings recommending Mutual and Retirement Funding Solutions ("RFS") as their two highest-rated choices in the reverse mortgage market, even though (i) Mutual owns Review Counsel and owns and/or controls Advisory Institute; and (ii) Mutual and RFS are the same company.

5.      The Review Counsel website, operated by Defendant Review Counsel LLC ("Review Counsel"), claims to provide "unbiased" reviews and ratings about financial services companies, including in the reverse mortgage industry. Indeed, the stated goal of the site is to "provid[e] our customers with the most reliable information and ratings."[1] In reality, according to a filing with the California Secretary of State, Review Counsel is owned and operated by Mutual for the purpose of "mortgage lead generation." To achieve that aim, the site publishes false and misleading "ratings" of reverse mortgage providers that score Mutual of Omaha far higher than its competitors based on factual misrepresentations and highly skewed rating criteria. In addition, the Review Counsel website presents seniors with a false choice between two winning alternatives in the rankings—namely, Mutual of Omaha and RFS—making these companies appear to be competitors in the rankings (and the marketplace more generally), as opposed to what they really are: one and the same company. Further, the Review Counsel website contains

---

[1]    *See Review Counsel Rating System*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/ratings/ (last visited Sep. 25, 2024)

purportedly educational articles written by the current Director of Marketing Communications at Mutual of Omaha, but without disclosing the author's affiliation with Mutual, further belying the claim that the site provides independent information to consumers.

6. The Advisory Institute website follows the same formula as the Review Counsel website. Operated by Defendant Advisory Institute LLC ("Advisory Institute"), the website claims to provide "Expert Reviews" and "Honest Ratings" to "[help] consumers find the best reverse mortgage lenders"[2] when, in actuality, it is directly or indirectly controlled by Mutual of Omaha and offers false and misleading ratings that inflate Mutual and RFS's scores over their competitors, steers consumers to Mutual or RFS, and falsely represents these "top picks" as two different companies.

7. **Second**, the RFS website falsely presents RFS as a real financial services company offering its own reverse mortgage products separate from Mutual of Omaha and providing unbiased educational tools and advice about reverse mortgages. In reality, RFS offers no products at all. RFS is merely a DBA of Mutual of Omaha operating out of the same office as Mutual in San Diego, and the "educational" materials published on the website are drafted by Mutual's marketing team. The RFS website exists for the sole purpose of funneling consumers to Mutual's products and backstopping the false narrative on the Review Counsel and Advisory Institute websites that RFS is an alternative to Mutual of Omaha.

8. Defendants' conduct in operating these sham websites harms the vulnerable population of senior citizens they purport to service. Defendants' conduct also damages competitors in the reverse mortgage market who advertise their services ethically and honestly by steering away consumers to Mutual based on false

---

[2] *See Top Reverse Mortgage Companies for 2024*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/reverse-mortgages/ (last visited Sep, 25, 2024).

and/or misleading information, and by harming the competitors' goodwill and reputations.  Indeed, the Federal Trade Commission has specifically identified the use of sham review sites and fake endorsements as deceptive, anti-competitive practices that violate FTC rules and guidance.

9.     Longbridge has worked diligently since its founding in 2012 to achieve a strong reputation as a reverse mortgage provider. Indeed, as of the date of this filing, Longbridge proudly holds an excellent rating on Trustpilot, a legitimate third-party ranking website based on real customer reviews. The Defendants damage this goodwill and reputation by giving Longbridge falsely depressed scores (in the case of Review Counsel) or leaving Longbridge out of the rankings entirely (in the case of Advisory Institute), and steering consumers shopping online for reverse mortgage services away from Longbridge and, instead, to Mutual based on false and misleading representations.

## **PARTIES**

10.     Plaintiff Longbridge Financial, LLC ("Longbridge") is a Delaware corporation with its headquarters located at 61 South Paramus Road, Suite 500, Paramus, New Jersey 07652.

11.     Defendant Mutual of Omaha Mortgage, Inc. is a Delaware corporation with its headquarters located at 3131 Camino Del Rio N., Suite 1100, San Diego, California 92108.

12.     Defendant Review Counsel LLC is a California limited liability company formed on December 27, 2017. Review Counsel's principal office address is the same as Mutual of Omaha's—3131 Camino del Rio N. Suite 1100, San Diego, California 92108—and its registered mailing address is 3300 Mutual of Omaha Plaza, Omaha, Nebraska 68175.

13.     Defendant Advisory Institute LLC is a Delaware limited liability company that was formed on January 8, 2024.

14.     Non-party Retirement Funding Solutions LLC is a defunct Delaware

LLC which, according to information available on the California Secretary of State website, was dissolved in January 2019.  RFS's principal address, while in existence, was 3131 Camino del Rio N. Suite 190, San Diego, California 92108, in the same office building as Mutual of Omaha and Review Counsel.

15.     The true names and capacities of Defendants DOES 1 through 100, inclusive, whether individual, corporate, associate, or otherwise, are unknown to Longbridge, who therefore sues these Defendants by such fictitious names. Longbridge will amend its Complaint to show the true names and capacities of these Defendants after they have been discovered. On information and belief, each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint, and the harm alleged in the Complaint was proximately caused by their acts or omissions.

## JURISDICTION AND VENUE

16.     This Court has original jurisdiction over Plaintiff's claims arising under the Lanham Act, codified at 15 U.S.C. § 1125(a), pursuant to 28 U.S.C. § 1331.

17.     Plaintiff's state law claims under (1) the California Unfair Competition Law, codified at California Business & Professions Code Section 17200 *et seq*. (the "UCL"), and (2) the Florida Deceptive and Unfair Practices Act, codified at Florida Statutes Section 501.201 *et seq*. (the "FDUPTA"), are so related to Plaintiff's claim under the Lanham Act over which this Court has original jurisdiction that they form part of the same case and controversy. Supplemental jurisdiction is therefore appropriate over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

18.     Venue is proper in this Court pursuant to 29 U.S.C. § 1391(b) because Defendants Mutual of Omaha and Review Counsel each have their principal place of business in this Judicial District and the events giving rise to the claims made herein occurred in this Judicial District.

## FACTUAL ALLEGATIONS

19.     Each of the Defendants is engaged in false advertising and fraudulent,

unfair, and/or unlawful business practices designed to deceive consumers and steer them to Mutual of Omaha and away from its competitors, like Longbridge. Each of the Defendants participates in this fraudulent and unlawful scheme as follows:

**A.**   **Mutual publishes false reviews and ratings on websites it covertly owns, operates, and/or controls—and scores itself and RFS at the top of the rankings.**

**1.**   **The Review Counsel website**

20.   Review Counsel and Mutual of Omaha control and use the Review Counsel website to mislead the public into believing that Review Counsel offers independent rankings of reverse mortgage companies. Indeed, Review Counsel explicitly states on its website that it is an "independent" company whose reviews are "unbiased," and that any payments it receives from its "advertising partners" "do[] not influence our reviews":

> Our advertising partners pay us to be featured on our site. The compensation we receive from our advertising partners does not influence our reviews. Review Counsel reviews and scores numerous companies within various industries or categories. The scoring system used is unbiased and based on objective criteria established for the category in which the company is included. Advertising compensation is not required for companies to be reviewed and scored on the website. Those reviews are independent. All companies reviewed and scored are listed in alphabetical order on the "Ratings" page within the website, regardless of the score assigned. The compensation received from advertising partners does not influence the review, score, or placement on the "Ratings" page. Advertising partners are listed on a separate featured "Category" page specifically reserved for advertisers.

(*See Disclosure*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/disclosure/ (last visited Sep. 25, 2024).

21.   These statements of independence and objectivity are false and misleading in numerous respects. The statement that "the compensation [Review Counsel] received from advertising partners does not influence the review, score, or

placement on the 'Ratings' page" is false because Mutual owns and controls the Review Counsel website and designs the rankings to boost the scores of Mutual of Omaha and RFS and artificially lower the scores of Mutual's competitors including Longbridge. The statement that Review Counsel's "scoring system . . . is unbiased and based on objective criteria" is false for the same reasons, and because Mutual and RFS receive the highest scores based on arbitrary criteria that are not applied honestly or accurately. Furthermore, referring to RFS as an "advertising partner" is false and misleading because RFS is not a real financial services company offering reverse mortgages; it exists to steer business away from competitors to Mutual.

22.     Similar misrepresentations about Review Counsel's purported objectivity and independence pervade the Review Counsel website.  Its homepage[3] contains the following additional statements which imply that the information presented on the website is impartial and accurate:

> a.     "We identify categories consumers are interested in. We look at social media, what our members are asking for, as well as emerging search trends to determine what consumers are interested in."

> b.     "Helping you become more confident in your next major financial decision."

23.     Each of these statements, along with the appearance of the web page, conveys the false impression that Review Counsel offers independent, objective ratings of reverse mortgage companies tailored to educate consumers about their choices in the reverse mortgage market.

24.     The ratings portion of the Review Counsel web page[4] reinforces this false impression of independence: "At Review Counsel, we value providing our

---

[3]     *See Homepage*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/ (last visited Sep. 25, 2024).

[4]     *See Review Counsel Rating System*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/ratings/ (last visited Sep. 25, 2024)

customers with the most reliable information and ratings, which is why we are committed to being transparent in how those results come about. Our editorial team utilizes strict guidelines and considers a variety of data points when crafting each rating—putting consumers first!"

25.     The foregoing statements are false, deceptive, and misleading because they create the impression that Review Counsel is an independent consumer organization that generates objective, unbiased reviews of financial services companies for the benefit of the general public whereas, in reality, the site is owned and controlled by Mutual of Omaha, a for-profit mortgage services provider that uses the site to promote its products and harm its competitors.

26.     Indeed, in a Statement of Information filed with the State of California on January 18, 2024 (File No.: BA20240108577), Review Counsel LLC lists its Manager or Member Name as "Mutual of Omaha Mortgage, Inc.," with the same address as Mutual of Omaha Mortgage. And, tellingly, the filing lists the type of business as "PLATFORM FOR MORTGAGE LEAD GENERATION." That is, while Review Counsel admits under oath that its purpose is to generate leads for Mutual of Omaha to sell reverse mortgages, it conceals this reality on its website.

27.     Even the purportedly educational "articles" on the Review Counsel website—which have such titles as "**How a Reverse Mortgage Line of Credit Works**," "**How a Reverse Mortgage Lump Sum Payment Plan Works**," and "**Complete Guide to the Reverse Mortgage Appraisal Process**"—are authored by and credited to **the sitting Director of Marketing Communications at Mutual of Omaha Mortgage**[5], further proving that Mutual is pulling the strings of the Review Counsel website:

_____

[5]     *See Kelly South Profile*, LINKEDIN.COM, https://www.linkedin.com/in/kellysouth0714?original_referer=https%3A%2F%2Fwww.google.com%2F (last visited Sep. 25, 2024).



(*See Featured Article: How a Reverse Mortgage Line of Credit Works*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/articles/ (last visited Sep. 25, 2024))



28.   Under its false pretense of "independence," Review Counsel and Mutual of Omaha then engineer the Review Counsel website to falsely and deceptively present Mutual and RFS as the two highest-rated reverse mortgage providers. Specifically, Review Counsel's reverse mortgage "category" page prominently shows Mutual of Omaha and RFS "in the spotlight" as its two top picks for "reverse mortgage companies":



(*See Our Featured Reverse Mortgage Companies for 2024*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/category/reverse-mortgages/ (last visited Sep. 25, 2024).)

29.   The Review Counsel website even gives Mutual of Omaha and RFS different scores—five stars and four stars, respectively—to further the misrepresentation that these are two different companies:



(*See Companies*, REVIEWCOUNSEL.ORG,

https://www.reviewcounsel.org/companies/ (last visited Sep. 25, 2024.))

30.     "Spotlighting" Mutual and RFS in this manner—and making them look like separate companies, with different names and even different scores—is false, deceptive, and misleading because Mutual of Omaha and RFS are not competitors in the marketplace, nor true alternatives. RFS is merely a trade name for, and the same company as, Mutual of Omaha. That Review Counsel holds out "Retirement Funding Solutions" as a "reverse mortgage company" at all is literally false because RFS does not sell any mortgage products, but rather acts only to feed business to Mutual of Omaha.

31.     Review Counsel and Mutual of Omaha also use false and deceptive statements on the Review Counsel website to describe the purported review methodology that results in Mutual and RFS receiving first and second place in the rankings. The Review Counsel website describes its methodology as follows: "We rate reverse mortgage companies according to the following criteria on a 1 to 5 scale: years in business, number of products offered, customer service availability, state licensing/availability, Better Business Bureau (BBB) ratings, and the availability and usefulness of a mobile app."

32.     This statement is false and misleading because Review Counsel does not apply the six listed criteria in a fair and neutral manner. Instead, on information and belief, Review Counsel applies unfair and excessive weight to two of the six criteria—namely "customer service availability" and "availability and usefulness of a mobile app"—as a pretext to boost the ratings of Mutual of Omaha and RFS (which, according to the rankings table, are the only providers who purportedly have "24/7" customer service and a "mobile app"), as shown in the table below:

| Company | Score Total | Years in Business | Product Offering | Customer Service Availability | State Licensing Footprint | BBB Ratings | Mobile App |
|---|---|---|---|---|---|---|---|
| Longbridge Financial, LLC | 3.6 | 11 Years (est. 2013)<br>Score: 4 | • Reverse Mortgage Loan<br>• HECM for Purchase<br>• Jumbo Reverse<br>Score: 4 | M–F during business hours<br>Score: 3 | 50 states<br>Score: 5 | A+ Rating<br>Score: 5 | ⊗<br>Score: 1 |
| Mutual of Omaha Mortgage | 4.8 | 11 Years (est. 2013)<br>Score: 5 | • Reverse Mortgage Loan<br>• HECM for Purchase<br>• Jumbo Reverse<br>• Conventional Mortgages<br>Score: 5 | 24/7 Availability<br>Score: 5 | 48 states<br>Score: 5 | A+ Rating<br>Score: 5 | ✓<br>Score: 5 |
| Open Mortgage | 3.8 | 21 Years (est. 2003)<br>Score: 5 | • Reverse Mortgage Loan<br>• HECM for Purchase<br>• Conventional Mortgages<br>Score: 4 | M–F during business hours<br>Score: 3 | 46 states<br>Score: 5 | A+ Rating<br>Score: 5 | ⊗<br>Score: 1 |
| Premier Reverse Mortgage | 3.5 | 12 Years (est. 2012)<br>Score: 4 | • Reverse Mortgage Loan<br>• HECM for Purchase<br>• Jumbo Reverse<br>Score: 4 | M–F during business hours<br>Score: 3 | 17 states<br>Score: 4 | A+ Rating<br>Score: 5 | ⊗<br>Score: 1 |
| Retirement Funding Solutions | 4.8 | 11 Years (est. 2013)<br>Score: 5 | • Reverse Mortgage Loan<br>• HECM for Purchase<br>• Jumbo Reverse<br>• Conventional Mortgages<br>Score: 5 | 24/7 Availability<br>Score: 5 | 48 states<br>Score: 5 | A+ Rating<br>Score: 5 | ✓<br>Score: 5 |

(*See Review Counsel Rating System*, REVIEWCOUNSEL.ORG,
https://www.reviewcounsel.org/ratings/ (last visited Sep. 25, 2024) (partial
screenshot).)

33.    The ratings table on the Review Counsel website (excerpt shown
above) is false and misleading in numerous other respects.

34.    First, RFS does not have an app available for download in the Google
Play Store and thus, on information and belief, RFS does not have a functional app
for iOS or Android devices.  Yet, it is given a green check mark in the rankings
column for "Mobile App" and the highest possible score—5/5—for that category.

35.    Second, RFS is not listed with the Better Business Bureau, nor does it
have a 5-star rating with BBB.

36.    Third, on information and belief, neither Mutual nor RFS has "24/7"
customer service availability, yet the Review Counsel website gives them each a "5"
for customer service availability on the ground that they are available "24/7."

37.    Fourth, even if Mutual and RFS did have a functional app and "24/7"

customer service, this criterion could not plausibly justify the significant difference in scores between Mutual and RFS, on the one hand, as compared to their competitors (including Longbridge) who purportedly lack these characteristics.

38.     Fifth, the large green check mark (next to Mutual and RFS), and the large red X marks (next to all the other providers), are designed to create the impression that these marks reflect overall scores. In reality, these marks only correspond to the "mobile app" criterion, which is shown only in small print at the top of the right-most column on the table.

39.     In sum, the ratings on the Review Counsel website are not objective ratings, but are pretextual in nature. Indeed, the pretextual nature of the ratings is underscored by the fact that Mutual and RFS appear to be scored differently on different parts of the website, even though they are really one and the same company. For instance, in some parts of the site, depicted at paragraph 29 above, Mutual appears to receive a perfect "five star" score, with RFS scoring 4 stars. Yet, on the table of numerical rankings excerpted at paragraph 32 above, Mutual and RFS each score 4.8 out of 5.[6] The sense of objectivity created by these scores, as if these numerical scores were based on rigorous independent analysis, is false. The scores are simply made up in different ways on different parts of the same site.

40.     The false statements on the Review Counsel website do not end there. Even the purported legal disclosures on Review Counsel's website are false and misleading. The site contains a deceptive disclosure—buried in a link at the top right of its webpage—stating: "Some of the firms shown may compensate us to be on this site, which helps us keep this service free for consumers. Review Counsel is affiliated with Mutual of Omaha Mortgage and Retirement Funding Solutions, and recommends them for their deep experience, customer service, and borrower reviews."

---

[6]     *See Review Counsel Rating System*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/ratings/ (last visited Sep. 25, 2024)

41.   The Review Counsel website contains a narrow banner across the top of each webpage also stating—in exceedingly small font apparently designed to evade the eye of the seniors the website purports to serve—that "Review Counsel is affiliated with Mutual of Omaha Mortgage and Retirement Funding Solutions, and recommends them for their deep experience, customer service, and borrower reviews."

(*See Homepage*, Review Counsel.org, https://www.reviewcounsel.org/ (last visited Sep. 25, 2024).)

42.   In addition to being hidden in tiny letters and buried links, these purported disclosures are themselves false, misleading and deceptive.  They give the appearance that the website is independent from the firms listed on the site ("firms . . . may compensate us," "Review Counsel . . . recommends them"), when in reality Mutual owns the site and is compensating and recommending itself. It is highly

misleading that Review Counsel claims merely to be "affiliated with" Mutual when, in reality, Mutual owns and controls it. Additionally, the statement that "Review Counsel is affiliated with Mutual of Omaha Mortgage and Retirement Funding Solutions" amplifies the deception that Mutual and RFS are two separate companies judged on their individual merits, when in fact they are one and the same company. The statement that Review Counsel is a "service free for consumers" also falsely implies that Review Counsel is an educational service for the benefit of consumers, and not the advertising mechanism for Mutual that it is. And, Review Counsel is not "recommending" Mutual of Omaha (or RFS) "for their deep experience, customer service, or borrower reviews." RFS could not have been selected for its experience, service, or reviews because it has no products and does not exist other than as a DBA for Mutual. Mutual of Omaha is simply directing Review Counsel to give Mutual the highest rating based on cherry-picked criteria for the purpose of "mortgage lead generation."

43.    Finally, the fact that Review Counsel's website is registered as a ".org" domain name—as opposed to a ".com" domain name—is false, misleading, and deceptive because it creates the false impression that Review Counsel is a non-profit organization. Indeed, it is widely known that the .org top-level internet domain, which stands for "organization," is primarily used for nonprofit websites such as non-governmental organizations (NGOs), open-source projects, charitable organizations, and educational platforms. Review Counsel is none of those things.

### 2.    AdvisoryInstitute.Org

44.    Similar to the Review Counsel website, Mutual and Advisory Institute directly or indirectly control the Advisory Institute website and use it to mislead consumers into believing it is an independent consumer ratings organization. The Advisory Institute site follows the same format as the Review Counsel website and, on information and belief, was launched in early 2024 only after Mutual was notified of complaints related to the misleading practices on the Review Counsel

website.

45.     Advisory Institute's "About Us" page[7] contains the following statements concerning its purported "values" and "mission":

a.      "Advisory Institute is a financial review platform dedicated to providing insightful, unbiased recommendations about financial service providers to consumers. Our recommendations are based on the opinions of seasoned financial experts, analysts, and industry insiders who bring a wealth of knowledge and experience to the table. We are committed to demystifying the financial services sector, making it accessible and understandable for everyone, from novices to experienced investors."

b.      "At Advisory Institute, we specialize in analyzing and reviewing a wide array of financial service providers, from traditional banks and investment firms to mortgage and insurance companies. Our comprehensive evaluations cover various aspects, including service offerings, customer experience, fees, and overall reliability."

c.      "We aim to provide our users with a holistic view of each company, highlighting strengths, potential drawbacks, and how they stack up against their competitors. Through our platform, consumers can find detailed guides and information to help them choose the best financial services to meet their needs."

d.      "Our mission is to be a trusted and authoritative source for financial service reviews, guiding consumers through the complex landscape of financial products and services. We are dedicated to helping individuals make informed decisions that align with their financial goals and aspirations. By fostering a culture of transparency and integrity, we aim to contribute to a more informed and financially savvy society."

[7]    *See About Us*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/about-us/ (last visited Sep. 25, 2024).

46.    Similarly, Advisory Institute's home page[8] states:

a.    "**Unlock Your Financial Potential: Explore, Evaluate, Elevate.**"  (Emphasis in original.)

b.    "Explore diverse financial options such as credit cards, mortgages, high-yield savings, home equity investments, Medicare plans, and reverse mortgages with Advisory Institute."

c.    "Our recommendations, based on independent research, empower you to make strategic decisions for a secure and prosperous future."

47.    Contrary to these statements, however, on information and belief, the Advisory Institute website is directly or indirectly owned or otherwise controlled by Mutual of Omaha, a for-profit mortgage services provider, and Mutual and Advisory Institute use it to promote Mutual's products and damage Mutual's competitors.

48.    Advisory Institute's reverse mortgage "category" page, similar to the Review Counsel website, prominently displays Mutual of Omaha and RFS as its two "top picks" and "top reverse mortgage companies for 2024."



---

[8]    *See Homepage*, ADVISORYINSTITUTE.ORG,  https://advisoryinstitute.org/ (last visited Sep. 25, 2024).

(*See Top Reverse Mortgage Companies for 2024*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/reverse-mortgages/ (last visited Sep, 25, 2024).)

49.     Once again, this representation is highly deceptive because it misleads consumers into thinking that Mutual of Omaha and RFS are alternatives (and competitors of one another) in the marketplace, whereas RFS is merely a trade name for, and the same company as, Mutual of Omaha. As but one example of this deception, the display lists separate phone numbers for Mutual and RFS, but both call "Mutual of Omaha Mortgage." That the Advisory Institute holds out "Retirement Funding Solutions" as a "reverse mortgage company" is also literally false because RFS does not sell any mortgage products. It acts only as a feeder for Mutual of Omaha products. Further, the statement that RFS as a "Featured Lender" "Garnered great reviews from borrowers on independent review sites" is false. Well-known review sites including the Better Business Bureau, TrustPilot, Yelp, and Google Maps do not list RFS as an independent company, nor are there any borrower reviews for RFS.

50.     As to the Advisory Institute rankings themselves, they too are false, misleading, and deceptive in at least three respects. The full table of Advisory Institute's rankings reads:

///

///

///

///

///

| Company | ★ Trustpilot Reviews | Rating | Benefits | |
|---|---|---|---|---|
| **AMERICANSENIOR**<br>American Senior | 4 Reviews \| Great | 6.8/10 | • Free Reverse Mortgage Calculator<br>• Free Reverse Mortgage Evaluator<br>• Authorized to Originate Loans in 20 States<br>• Offers Reverse Mortgage, Jumbo Loans, and Reverse Mortgage for Purchase | Visit Site |
| **FAIRWAY**<br>Fairway | 2 Reviews \| Average | 8.4/10 | • Authorized to Originate Loans in 50 States<br>• Free Reverse Mortgage Calculator<br>• Offers Reverse Mortgage, Jumbo Loans, and Reverse Mortgage for Purchase<br>• A+ Rating from the Better Business Bureau (BBB) | Visit Site |
| **MUTUAL of OMAHA** MORTGAGE<br>Mutual of Omaha Reverse Mortgage | 393 Reviews \| Excellent | 10/10 | • Free In-Depth Guide to Reverse Mortgages<br>• Better Business Bureau Accredited with A+ Rating<br>• High Customer Satisfaction Ratings on Third-Party Sites<br>• Free Reverse Mortgage Calculator Without Personal Info Required | Visit Site |
| **PREMIER** REVERSE MORTGAGE<br>Premier Reverse Mortgage | 10 Reviews \| Excellent | 7.6/10 | • Able to Serve Spanish Speakers<br>• Excellent Customer Service Ratings on Third-Party Sites<br>• Informative Guides for Potential Borrowers and Adult Children<br>• Originates Loans in 15 States | Visit Site |
| **RFS RETIREMENT FUNDING SOLUTIONS**<br>Retirement Funding Solutions | No Reviews | 9.0/10 | • Customer Service Accessible 24 Hours Per Day / 7 Days Per Week<br>• Originates Loans in 48 States (+D.C.)<br>• Informative Website<br>• Complimentary Guide on Reverse Mortgages Available | Visit Site |

(*See Ratings*, ADVISORYINSTITUTE.ORG,

https://advisoryinstitute.org/ratings/reverse-mortgages/ (last visited Sep. 25, 2024).)

51.    First, the fact that Mutual of Omaha receives a perfect 10/10 score on Advisory Institute, with RFS receiving a 9/10 score, lays bare the fraudulent representation found elsewhere on the Advisory Institute website (and the Review Counsel website) that these are two separate companies.

52.    Second, the fact that Advisory Institute references third-party reviews on "Trustpilot" to purportedly justify its own rankings is highly misleading and deceptive. Notably, Longbridge has a *higher score* on Trustpilot than Mutual of Omaha—namely, 4.7 out of 5 vs. Mutual of Omaha's 4.6 out of 5—but Longbridge is not even listed as a reverse mortgage provider at all within the Advisory Institute rankings:



(*See Longbridge Financial, LLC profile*, TRUSTPILOT.COM,
https://www.trustpilot.com/review/longbridge-financial.com last visited Sep. 25,
2024.)

(*See Mutual of Omaha Reverse Mortgage Profile*, TRUSTPILOT.COM,
https://www.trustpilot.com/review/mutualofomahareverse.com (last visited Sep. 25,
2024))[9]

53.     This fact belies the false and misleading statement on the Advisory
Institute website that its own ratings are based on the following criteria: "**Trustpilot
Ratings**," "**Accreditation and Authorization**," "**Company Accessibility**,"
"**Educational Resources**," "**Loans Available**," and "**Financial Stability**."[10]
Indeed, if that were true, then presumably Longbridge would be listed in the
rankings and receive a higher score than Mutual of Omaha. Notably, RFS is not

---

[9]     These ratings on Trustpilot, like all ratings noted in this Complaint, are current as
of the date of this filing. However, the numerical ratings on Trustpilot and other
sites are subject to change over time.

[10]    *See Ratings*, ADVISORYINSTITUTE.ORG,
https://advisoryinstitute.org/ratings/reverse-mortgages/ (last visited Sep. 25, 2024).

listed on Trustpilot at all and still manages to receive 9/10 from Advisory Institute.

54.     Third, the representation inside the Advisory Institute rankings that RFS "originates loans in 48 states (+D.C.)" is literally false because RFS does not originate or issue any loans and does not have a mortgage license in any state.[11]

55.     As with Review Counsel, the legal disclosures on the Advisory Institute website are inadequate to dispel the consumer confusion the site creates, and are false and deceptive on their own terms. The statements on the site's "Disclaimer" page[12] include only the following:

a.     "The reviews and scores which Advisory Institute LLC ("Advisory") assigns to companies within various industries or categories, are based upon Advisory's own independent proprietary scoring system."

b.     "Advisory sells advertising opportunities to companies which may appear on this website. Companies who wish to advertise on this website pay Advisory to be promoted or featured. However, the compensation we get from advertising agreements does not influence the review, or score we assign to those advertising partners or their products or services."

c.     "Advisory does not allow companies to purchase a favorable score or rating, regardless of whether they purchase advertising from Advisory or not."

d.     "Advisory does not allow advertising partners to purchase favorable scores. Any compensation which Advisory receives from advertising agreements does not influence scoring or factor into the rating system."

56.     Contrary to these statements, Advisory Institute's rankings are not objective or based on neutral criteria; rather Mutual of Omaha and Advisory

---

[11]  *See id.*
[12]  *See Disclaimer*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/disclaimer/ (last visited Sep. 25, 2024).

Institute manipulate the rankings to boost Mutual of Omaha's and RFS's scores to steer business to Mutual. Indeed, if the rankings were based on objective or neutral criteria, RFS would not be listed at all, let alone as a lender separate from Mutual with a different score. And, contrary to its "disclaimers," upon information and belief, Advisory Institute assigns favorable scores Mutual of Omaha (and RFS) based on ownership, control, and/or funding from Mutual of Omaha, while assigning unfavorable scores to its competitors.

57.     Finally, as with Review Counsel's website, the fact that Advisory Institute is registered to a ".org" domain name—as opposed to a ".com" domain name—is false, misleading, and deceptive because Advisory Institute is simply not a non-profit "organization."

**B.     Mutual operates the RFS website to make RFS look like a reverse mortgage lender offering independent advice and products.**

58.     As alleged above, RFS is a DBA for Mutual of Omaha whose only purpose is to feed business to Mutual of Omaha. Yet, the RFS website is designed to hold RFS out to the general public as a separate company offering educational resources and reverse mortgage products to seniors. The misrepresentation that RFS is a real company, separate from Mutual of Omaha, plays a critical role in making the fraudulent rankings, which place them in first and second place on the Review Counsel and Advisory Institute websites, appear believable. The RFS website is designed to bolster that false narrative, and is replete with specific false and misleading representations as follows.

59.     RFS makes the following false statements on its "About Us" page:[13]

a.     "Retirement Funding Solutions was created to address and solve one of the most significant challenges facing the Baby Boomer Generation today — Being Financially Prepared for Your Retirement Years."

---

[13]  *See About Us: Our Story*, RFSQUALIFY.COM, https://rfsqualify.com/about-us/ (last visited Sep. 25, 2024).

b.     "At Retirement Funding Solutions, we hold education as a core value, believing that knowledge is the key to financial preparedness in retirement. We are dedicated to providing retirees and their families with the information they need to make informed decisions about their financial future."

c.     "Our commitment to you is that the educational process will be based upon an honest, ethical and open dialogue. Our goal is to integrate our dialogue into your circle of trusted advisors, whether those be family or a team of financial professionals."

d.     "We are committed to conducting our business with the highest levels of integrity. Our entire process is built upon honesty and ethical practices, ensuring that retirees can trust us as a reliable source of guidance in their retirement planning journey."

60.     These representations are false, misleading, and deceptive because they paint RFS as a company "created" to provide education and guidance regarding retirement planning. RFS is not a real company organized under the laws of any state (whether as a corporation, limited liability company, non-profit organization, or otherwise), nor is it a licensed lender, nor is it an educational resource for seniors. RFS is nothing other than a trade name for Mutual of Omaha—a large, for-profit mortgage services provider—that uses the site to generate profit covertly by misleading unsuspecting consumers seeking information about reverse mortgages and then steering them towards Mutual of Omaha's products and away from competitors.

61.     RFS's website also contains a "Products" web page[14] that falsely holds RFS out as a licensed lender in its own right.

a.     RFS's "Products" page describes various "Reverse Mortgage

_____

[14]   *See Get A Free Reverse Mortgage Info Guide*, RFSQUALIFY.COM, https://rfsqualify.com/products/ (last visited Sep. 25, 2024).

Options" for consumers, including "HECM Reverse Mortgage," "Reverse Mortgage for Purchase," "Jumbo Reverse Mortgage," and "Refinance Loan."

b. The "Products" page then states: "If you already have a reverse mortgage from Retirement Funding Solutions *or another lender*, there are several reasons why you might want to refinance," (emphasis added), clearly indicating that RFS is holding itself out as a mortgage lender.

c. RFS doubles down on its false and deceptive licensure representations by stating, at the bottom right corner of every page of its website[15], that it is "Licensed in 48 States."

62. These representations are false, misleading, and deceptive because RFS is not a licensed lender in its own right, nor even a separate company from Mutual of Omaha. It exists solely as DBA to generate leads for Mutual of Omaha. RFS even routes customers to a Mutual of Omaha call center if they call RFS's toll-free number at the top-right corner of the RFS website.

63. RFS certainly is not licensed in 48 states as a reverse mortgage lender, as it falsely represents on the website. In fact, RFS does not have its own mortgage license, and is shown on the NMLS website as being nothing more than a trade name for Mutual of Omaha:[16]

---

[15] *See*, *e.g.*, *Homepage*, RFSQUALIFY.COM, https://rfsqualify.com/ (last visited Sep. 25, 2024), *About Us: Our Story*, RFSQUALIFY.COM, https://rfsqualify.com/about-us/ (last visited Sep. 25, 2024)., *Get A Free Reverse Mortgage Info Guide*, RFSQUALIFY.COM, https://rfsqualify.com/products/ (last visited Sep. 25, 2024).

[16] *See Verify A Financial Services Provider*, NMLSCONSUMERACCESS.ORG, https://www.nmlsconsumeraccess.org/EntityDetails.aspx/COMPANY/1025894 (last visited Sep. 25, 2024).



64.     Nor are these false licensure representations cured by the fact that users who click on the words "Licensed in 48 States"—a hyperlink at the bottom of the RFS website[17]—are redirected to an outside Mutual of Omaha website:

(*See Licensed in 49 States*, MUTUALREVERSE.COM,

---

[17]   *See, e.g., Homepage*, RSFQUALIFY.COM, https://rfsqualify.com/ (last visited Sep. 25, 2024).

https://mutualreverse.com/legal/licensing/ (last visited Sep. 25, 2024).(partial screenshot).)

65. Rather, the linked site only compounds the confusion and deception. Despite including over 800 words of text, this Mutual of Omaha webpage does not reference "Retirement Funding Solutions" or "RFS" anywhere, creating confusion as to whether it is even related to the RFS website. Instead, the disclosures state that Mutual of Omaha (*not* RFS) is "Licensed in 49 States" (*not* "48 States"), and includes detailed licensure information about those licenses.

66. In short, nothing on the RFS website conveys the truth about Mutual of Omaha's control over its content, or the fact that RFS's "products" are none other than Mutual of Omaha's reverse mortgages. Instead, these facts are concealed by the appearance of the RFS website which falsely purports to hold out RFS as a separate purveyor of independent educational resources and/or reverse mortgage products.

**C.    Defendants' Conduct Violates The Real Estate Settlement Procedures Act ("RESPA")**

67. The Real Estate Settlement Procedures Act ("RESPA") is a federal consumer protection law that regulates real estate transactions.

68. RESPA Section 8(a) provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." *See* 12 U.S.C. § 2607(a).[18]

_____

[18] One of the reasons for RESPA's enactment in 1974 was Congressional concern over excessive settlement costs. Congress found that "significant reforms in the real estate settlement process are needed to insure that consumers throughout the Nation . . . are protected from unnecessarily high settlement charges caused by certain abusive practices that have developed in some areas of the country," *see* 12 U.S.C. § 2601(a), and that kickbacks in the real estate settlement service industry were common.  *See* H.R. Rep. No. 93-1177, at 7 (1974), and S. Rep. No. 93-866, at 6

69.     Crucially, the Consumer Financial Protection Bureau ("CFPB") issued a landmark Advisory Opinion in 2023 holding that RESPA Section 8(a) applies to "digital technology platforms that enable consumers to comparison shop for mortgages and other real estate settlement services"—that is, to online mortgage comparison tools like Review Counsel and Advisory Institute.  *See* Exhibit A (CFPB Advisory Opinion) at 1.[19]

70.     The Advisory Opinion holds, in relevant part, that the "operator of a Digital Mortgage Comparison-Shopping Platform receives a prohibited referral fee in violation of RESPA section 8 when:

> (1) the Digital Mortgage Comparison-Shopping Platform
> non-neutrally uses or presents information about one or
> more settlement service providers participating on the
> platform;
> (2) that non-neutral use or presentation of information has
> the effect of steering the consumer to use, or otherwise
> affirmatively influences the selection of, those settlement
> service providers, thus constituting referral activity; and
> (3) the operator receives a payment or other thing of value
> that is, at least in part, for that referral activity.

*See id*. at pp. 1-2.

71.     The CFPB's Advisory Opinion expressly calls out many of the deceptive techniques that Mutual of Omaha, Review Counsel, and Advisory

_____

(1974). Thus, among RESPA's statutory purposes is the "elimination of kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services." 12 U.S.C. § 2601(b)(2).

[19]   The Advisory Opinion, a true and correct copy of which is attached to this Complaint as **Exhibit A**, was issued on February 7, 2023, and published in the Federal Register on February 23, 2023.  *See* 88 FR 9162.

Institute deploy on the Review Counsel and Advisory Institute websites as violating RESPA Section 8(a). Indeed, the Advisory Opinion devotes an entire section to discussing situations where an online mortgage comparison website "is designed and operated in a manner that steers consumers to use settlement service providers that are affiliates of the [website] Operator," and highlights techniques including "*manipulating the application of the ranking criteria so that its affiliate mortgage brokers appear higher than the non-affiliated brokers*." *See id.* at p. 22 (emphasis added).

72.     That is precisely what the Review Counsel website does when it applies undue weight to the "availability of a mobile app" criterion as a pretext for elevating Mutual of Omaha and RFS to first and second place in the rankings and penalizing competitors including Longbridge. *See supra*, paragraphs 36 to 42.

73.     The Advisory Opinion also holds that it is a RESPA violation when a ranking website labels a lender "at or near the top of [] the platform's rankings as a 'sponsored lender,' 'featured lender,' or similar phrase because the lender has paid for enhanced placement, but nonetheless designs the platform and displays the lender in a manner that implies the lender earned its placement . . . based on neutral criteria." *Id.* at pp. 13-14. Again, that is precisely what Mutual of Omaha and Review Counsel do on the Review Counsel website:



(*See Our Featured Reverse Mortgage Companies for 2024*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/category/reverse-mortgages/ (last visited Sep. 25, 2024).)

74.    *And* that is precisely what Mutual and Advisory Institute do on the Advisory Institute website:

(*See Top Reverse Mortgage Companies for 2024*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/reverse-mortgages/ (last visited Sep, 25, 2024).)

75.    Despite the fact that Review Counsel and Advisory Institute make it appear that Mutual and RFS earn their place "In the Spotlight" and as "Featured Lenders" through their experience and customer service, they admit elsewhere on their websites to tying placement to advertising dollars. Review Counsel admits on its website: "We do receive advertising compensation from some partners, **which influences what companies appear on our site and where they appear**."[20] And the Advisory Institute website similarly admits: "Our platform receives advertising compensation from certain partners. **This financial relationship may influence the presence or positioning of companies on our website**."[21] These are nothing less

---

[20]  *See Our Featured Reverse Mortgage Companies for 2024*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/category/reverse-mortgages/ (last visited Sep. 25, 2024). (emphasis added).
[21]  *See Top Reverse Mortgage Companies for 2024*, ADVISORYINSTITUTE.ORG,

than open admissions that Mutual of Omaha, Review Counsel, and Advisory Institute knowingly violate RESPA.

**D.    Defendants' Conduct Violates Federal Trade Commission Guidance**

76.    Consistent with the Federal Trade Commission's ("FTC") position that "claims in advertisements must be truthful, cannot be deceptive or unfair, and must be evidence-based,"[22] the FTC has issued guidance related to advertisements and expert endorsements that Defendants' conduct plainly violates. This guidance is keyed to 15 U.S.C. Section 45, which provides that "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." *See* 15 U.S.C. § 45(a)(1).

77.    For example, 16 CFR Part 255.3 provides, in relevant part, as follows: "Whenever an advertisement represents, expressly or by implication, that the endorser is an expert with respect to the endorsement message, then the endorser's qualifications must in fact give the endorser the expertise that the endorser is represented as possessing with respect to the endorsement." *See* 16 CFR § 255.3(a). Defendant's conduct clearly falls within the scope of the guidance. Indeed, the Advisory Institute website expressly states that it provides "Expert Reviews" to "[help] consumers find the best reverse mortgage lenders,"[23] and that its "recommendations are based on the opinions of seasoned financial experts, analysts, and industry insiders who bring a wealth of knowledge and experience to the table."[24] The Review Counsel website also holds itself out as having expertise by

---

https://advisoryinstitute.org/reverse-mortgages/ (last visited Sep, 25, 2024). (emphasis added).
[22]  *See Advertising and Marketing*, FTC.GOV, https://www.ftc.gov/business-guidance/advertising-marketing (last visited Sep. 25, 2024).
[23]  *See Top Reverse Mortgage Companies for 2024*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/reverse-mortgages/ (last visited Sep, 25, 2024).
[24]  *See About Us*, ADVISORYINSTITUTE.ORG, https://advisoryinstitute.org/about-us/ (last visited Sep. 25, 2024).

claiming that it "independently find[s], review[s] and rate[s] companies" and "utilizes strict guidelines and considers a variety of data points when crafting each rating."[25] In violation of Part 255.3, however, Review Counsel and Advisory Institute have no relevant expertise to back up their published reviews, nor do they use the strict review methodologies they claim to employ.

78.     In addition, 16 CFR Part 255.5 provides, in relevant part: "When there exists a connection between the endorser and the seller of the advertised product that might materially affect the weight or credibility of the endorsement, and that connection is not reasonably expected by the audience, such connection must be disclosed clearly and conspicuously." *See* 16 CFR § 255.5(a). Defendants violate this guidance as well by concealing Mutual's ownership and/or control of both sites, by falsely presenting the ratings criteria as objective and unbiased, by providing misleading disclosures about the relationship between Mutual and the review sites (including by referring to Mutual of Omaha and RFS as "advertising partners"), and by burying these disclosures in small font and/or hard to find pages on the Review Counsel and Advisory Institute websites.

79.     Defendants' conduct is also contrary to FTC Rule 465, which will become effective in October 2024.

80.     On August 22, 2024, the FTC issued Rule 465—a copy of which is attached hereto as **Exhibit B**—to "curb certain unfair or deceptive uses of consumer reviews and testimonials," in accordance with the FTC's finding that "fake reviews" and the "the unfair or deceptive reuse or repurposing of consumer reviews" are "prevalent." *See*, *generally*, 89 FR 68034 ("Trade Regulation Rule on the Use of Consumer Reviews and Testimonials").

81.     Notably, the Rule contains multiple provisions that are directly

---

[25]     *See Find . . . Companies*, REVIEWCOUNSEL.ORG, https://www.reviewcounsel.org/categories/; https://www.reviewcounsel.org/ratings/ (last visited Sep. 25, 2024).

applicable to the facts of this case, including:

a.   "***It is an unfair or deceptive act or practice and a violation of this part for a business to materially misrepresent, expressly or by implication, that a website, organization, or entity that it controls, owns, or operates provides independent reviews or opinions, other than consumer reviews, about a category of businesses, products, or services including the business or one or more of the products or services it sells***." 16 CFR § 465.6 ("Company-controlled review websites or entities") (emphasis added) (Exhibit B).

b.   "It is an unfair or deceptive act or practice and a violation of this part for a business to provide compensation or other incentives in exchange for, or conditioned expressly or by implication on, the writing or creation of consumer reviews expressing a particular sentiment, whether positive or negative, regarding the product, service, or business that is the subject of the review." 16 CFR § 465.5 (Exhibit B).)

82.   The Review Counsel and Advisory Institute websites are plainly contrary to these provisions because Mutual of Omaha, Review Counsel, and Advisory Institute falsely represent these sites as offering independent reviews and opinions; and Mutual of Omaha violates the terms of Part 465.6 as well by funding these sites to provide inflated reviews of its services.

## FIRST CAUSE OF ACTION

### (Violation of Lanham Act Against All Defendants)

83.   Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

84.   The Lanham Act prohibits the use in commerce of any "false or misleading description of fact" or "false or misleading representation of fact," including in connection with "commercial advertising or promotion." *See* 15 U.S.C. § 1125(a).

85.     Defendants' acts alleged herein constitute the use of false and/or misleading representations and descriptions of fact in commercial advertising, as set forth in detail above at paragraphs 20 to 43 (with respect to the Review Counsel website); at paragraphs 44 to 57 (with respect to the Advisory Institute website); and at paragraphs 58 to 66 (with respect to the RFS website).

86.     Plaintiff seeks, and is entitled to receive under the Lanham Act, injunctive relief prohibiting Defendants' continued use of these websites pursuant to 15 U.S.C. § 1116. Absent injunctive relief from this Court, Defendants will continue to target elderly consumers with the false, deceptive, and misleading advertising contained on these websites; to derive income and profit from this advertising; and to damage the reputations of Defendants' competitors, including Longbridge. Further, in the absence of injunctive relief in its favor, Plaintiff will continue to suffer injury in the form of lost sales, revenues, profits, and additional expenses incurred by Plaintiff to compete against Defendants' unfair, deceptive, and fraudulent advertising methods and business practices.

87.     Plaintiff seeks, and is entitled to recover under the Lanham Act, economic and punitive damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1117.

88.     Further, Plaintiff seeks, and is entitled to recover under the Lanham Act, attorneys' fees pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Violation of California Unfair Competition Law Against All Defendants)

89.     Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

90.     The UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *See* Cal. Bus. & Prof. Code § 17200.

91.     The UCL further prohibits any act that violates California Business &

Professions Code Section 17500. *See* Cal. Bus. & Prof. Code §§ 17200, 17500 (prohibiting "untrue or misleading" statement in advertising).

92.     Defendants' acts alleged herein constitute unfair and fraudulent business practices because Mutual of Omaha targets senior citizens and obtains their business through the use of false, misleading, and deceptive representations, as set forth in detail above at paragraphs 20 to 43 (with respect to the Review Counsel website); at paragraphs 44 to 57 (with respect to the Advisory Institute website); and at paragraphs 58 to 66 (with respect to the RFS website).

93.     Defendants' acts alleged herein constitute unfair and fraudulent business practices for the additional reason that they damage the reputation and goodwill of Defendants' competitors, including Longbridge, with fake reviews and low scores that are based on non-objective, skewed, and unfairly applied rating criteria.

94.     Defendants' acts alleged herein constitute unlawful business practices under the UCL because they violate Section 8(a) of the Real Estate Settlement Procedures Act, codified at 12 U.S.C. § 2607(a), including for the reasons alleged above at paragraphs 67 to 75.

95.     Defendants' acts alleged herein constitute unlawful business practices under the UCL because Defendants' conduct violates the Lanham act, including as alleged above at paragraphs 83 to 88.

96.     Defendants' acts alleged herein constitute unlawful business practices under the UCL because Defendants' conduct violates Section 17500 of the California Business & Professions Code. Section 17500 provides, in relevant part, as follows:

> "It is unlawful for any…corporation or association … with
> intent directly or indirectly… to perform service,
> professionally or otherwise…, to make or disseminate or
> cause to be made or disseminated from this state before

1
2
3
4
5
6
7

the public in any state,…including over the Internet, any statement, concerning…those services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition thereof, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

8  *See* Cal. Bus. & Prof. Code § 17500.

9      97.   Defendants' acts alleged herein constitute unlawful and unfair business
10  practices under the UCL because they violate 15 U.S.C. § 45 and FTC guidance
11  related thereto. Section 45 provides, in relevant part, that "[u]nfair methods of
12  competition in or affecting commerce, and unfair or deceptive acts or practices in or
13  affecting commerce, are hereby declared unlawful." *See* 15 U.S.C. § 45(a)(1).
14  Defendants' acts are unfair and deceptive for the reasons set forth herein, and
15  "affect[] commerce" because Defendants target and sell reverse mortgage products
16  to consumers across the United States. Moreover, Defendants' conduct is contrary to
17  the FTC's guidance relating to Section 45, including the guidance set forth in 16
18  CFR Part 255.3 and 16 CFR Part 255.5.

19      98.   Plaintiff seeks, and is entitled to receive under the UCL, injunctive
20  relief prohibiting Defendants' continued use of the Review Counsel, Advisory
21  Institute, and RFS websites pursuant to California Business & Professions Code
22  Section 17203. Absent injunctive relief from this Court, Defendants will continue to
23  target elderly consumers with the false, deceptive, and misleading advertising
24  contained on these websites; to derive income and profit from this advertising; and
25  to damage the reputations of Defendants' competitors, including Longbridge.
26  Further, in the absence of injunctive relief in its favor, Plaintiff will continue to
27  suffer injury in the form of lost sales, revenues, profits, and additional expenses
28  incurred by Plaintiff to compete against Defendants' unfair, deceptive, and

fraudulent advertising methods and business practices.

99.   Plaintiff seeks, and is entitled to receive under the UCL, restitution in an amount to be proven at trial pursuant to California Business & Professions Code Section 17203.

100.   Plaintiff further seeks, and is entitled to receive, its reasonable attorney fees incurred in bringing and prosecuting this action, which seeks the "enforcement of an important right affecting the public interest" pursuant to California Civil Code of Procedure Section 1021.5.

## THIRD CAUSE OF ACTION

### (Violation of Florida Deceptive and Unfair Trade Practices Act Against All Defendants)

101.   Plaintiff realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

102.   The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" *See* Fl. St. § 501.204.

103.   Defendants' acts alleged herein constitute unfair, deceptive, and unconscionable acts and practices because Mutual of Omaha targets senior citizens and obtains their business through the use of false, misleading, and deceptive representations, as set forth in detail above at paragraphs 20 to 43 (with respect to the Review Counsel website); at paragraphs 44 to 57 (with respect to the Advisory Institute website); and at paragraphs 58 to 66 (with respect to the RFS website).

104.   Defendants' acts alleged herein constitute unfair, unconscionable, unfair, and deceptive business practices for the additional reason that they damage the reputation and goodwill of Defendants' competitors, including Longbridge, with fake reviews and low scores that are based on non-objective, skewed, and unfairly applied rating criteria.

105.   Plaintiff seeks, and is entitled to receive under the FDUTPA, injunctive

relief prohibiting Defendants' continued use of the Review Counsel, Advisory Institute, and RFS websites pursuant to Florida Statutes Section 501.211(1). Absent injunctive relief from this Court, Defendants will continue to target elderly consumers with the false, deceptive, and misleading advertising contained on these websites; to derive income and profit from this advertising; and to damage the reputations of Defendants' competitors, including Longbridge. Further, in the absence of injunctive relief in its favor, Plaintiff will continue to suffer injury in the form of lost sales, revenues, profits, and additional expenses incurred by Plaintiff to compete against Defendants' unfair, deceptive, and fraudulent advertising methods and business practices.

106.    Plaintiff seeks, and is entitled to recover under the FDUTPA, actual damages in an amount to be proven at trial pursuant to Florida Statutes Section 501.211(2).

107.    Plaintiff seeks, and is entitled to recover under the FDUTPA, attorneys' fees and court costs in amounts to be proven after judgment pursuant to Florida Statutes Sections 501.211(2) and 501.2105.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for relief as follows:

A.    A nationwide injunction requiring Defendants to take down the Retirement Funding Solutions, Review Counsel, and Advisory Institute websites, and to refrain from creating or using similar websites containing false, misleading, deceptive, or unfair content in the future;

B.    Restitutionary and compensatory damages in an amount to be proven at trial;

C.    Punitive damages in an amount to be proven at trial;

D.    Attorneys' fees, costs, and expenses incurred in this lawsuit;

E.    Pre-judgment and post-judgment interest in the maximum amounts

provided by law; and

F.      Any other and further relief as the Court may deem just and proper.

DATED:  September 27, 2024          Nicole R. Van Dyk
                                    Julia B. Cherlow
                                    Darren L. Patrick
                                    Bird, Marella, Rhow,
                                    Lincenberg, Drooks & Nessim, LLP


                             By:   s/Nicole R. Van Dyk
                                   _____
                                          Nicole R. Van Dyk
                                    Attorneys for Plaintiff Longbridge
                                    Financial, LLC

## DEMAND FOR JURY TRIAL

Plaintiff Longbridge Financial, LLC hereby demands a jury trial on all claims so triable.

DATED:  September 27, 2024          Nicole R. Van Dyk
                                    Julia B. Cherlow
                                    Darren L. Patrick
                                    Bird, Marella, Rhow,
                                    Lincenberg, Drooks & Nessim, LLP


                             By:   s/Nicole R. Van Dyk
                                   _____
                                          Nicole R. Van Dyk
                                    Attorneys for Plaintiff Longbridge
                                    Financial, LLC