**BRADLEY ARANT BOULT CUMMINGS LLP**
Charles E. Elder (SBN 186524)
*celder@bradley.com*
Kimberly Ingram-Hogan (SBN 305497)
*kingram@bradley.com*
1221 Broadway, Suite 2400
Nashville, Tennessee 37203
Phone: (615) 244-2582

**DICKINSON WRIGHT PLLC**
Lael D. Andara (SBN 215416)
*LAndara@dickinson-wright.com*
615 National Ave., Suite 220
Mountain View, California 94043
Phone: (408) 701-6152
(Additional counsel on signature page)

*Attorneys for Defendants Mutual of Omaha
Mortgage, Inc. & Review Counsel LLC*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGBRIDGE FINANCIAL, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MUTUAL OF OMAHA MORTGAGE, INC., REVIEW COUNSEL LLC, ADVISORY INSTITUTE, LLC, and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No. 3:24-cv-01730-DMS-VET <br><br> **ANSWER AND COUNTERCLAIMS OF DEFENDANTS/COUNTER-PLAINTIFFS MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC** <br><br> The Honorable Dana M. Sabraw <br><br> **DEMAND FOR JURY TRIAL** |

1
2
3

MUTUAL OF OMAHA
MORTGAGE, INC. and REVIEW
COUNSEL LLC,

4          Counter-Plaintiffs,

5
6      v.

7      LONGBRIDGE FINANCIAL, LLC,

8          Counter-Defendant.

9
10
11

## **ANSWER**

Defendants Mutual of Omaha Mortgage, Inc. ("Mutual of Omaha") and Review Counsel LLC ("Review Counsel") (collectively, "Defendants") answer Longbridge Financial, LLC's ("Plaintiff") Complaint and state as follows:

Any allegation not explicitly admitted is denied.  The headings and footnotes contained in the Complaint are not allegations to which a response is required.  To the extent a response to any headings is required, Defendants deny the allegations in those headings.  To the extent a response to any footnotes is required, Defendants' responses to the paragraphs in which those footnotes appear are Defendants' responses to the footnotes.

Where Defendants respond to allegations that concern Advisory Institute, LLC, and not Defendants, Defendants state that it lacks knowledge or information sufficient to form a belief as to the truth or falsity of such allegations, unless Defendants state otherwise.

# NATURE OF THE CASE

1.    Denied.

2.    Defendants admit the allegations in the first two sentences of paragraph 2.  The last two sentences allege facts generally about senior citizens' wealth, and the Plaintiff states this information is from "industry reports."  The Plaintiff, however, provides no citations to these industry reports.  Since these industry reports are not identified, Defendants can neither admit nor deny the allegations in the last two sentences.

3.    Denied.

4.    Denied.

5.    Defendants admit that on September 25, 2024, the Review Counsel website contained the language "provid[e] our customers with the most reliable information and ratings."  Defendants admit that a filing with the California Secretary of State contained information that Review Counsel is owned and operated by Mutual of Omaha for the purpose of "mortgage lead generation."  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 5.

6.    Denied.

7.    Defendants admit that Retirement Funding Solutions ("RFS") is a d/b/a of Mutual of Omaha operating out of the same office as Mutual of Omaha in San Diego, California, and that the educational materials published on the website are drafted by Mutual of Omaha's marketing team.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 7.

8.    Defendants deny the allegations in the first two sentences of paragraph 8.  The third sentence states a legal conclusion, to which no

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

9.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first two sentences of paragraph 9.  Defendants deny the last sentence in paragraph 9.

## PARTIES

10.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in paragraph 10.

11.    Admitted.

12.    Admitted.

13.    Admitted.

14.    Defendants deny the allegation that Retirement Funding Solutions, LLC is "defunct."  Paragraph 14 contains a representation regarding the California Secretary of State website, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Defendants admit that RFS's principal address is 3131 Camino del Rio N., Suite 1100, San Diego, California 92108.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 14.

15.    Defendants lack sufficient knowledge and information to form a belief as to the truth of the allegations in the first two sentences of paragraph 15.  Defendants deny the remaining allegations contained in paragraph 15.

## JURISDICTION AND VENUE

16.    Paragraph 16 states Plaintiff's characterization of its lawsuit and legal conclusions, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

17.    Paragraph 17 states Plaintiff's characterization of its lawsuit and legal conclusions, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

18.    Paragraph 18 states Plaintiff's characterization of its lawsuit and legal conclusions, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

## **FACTUAL ALLEGATIONS**

19.    Denied.

20.    Defendants admit only that the Review Counsel website contained the referenced *Disclosure* on September 25, 2024.  Except as expressly admitted, Defendants deny the remaining allegations in paragraph 20.

21.    Denied.

22.    Defendants admit that on September 25, 2024, the Review Counsel website contained the statements: "We identify categories consumers are interested in.  We look at social media, what our members are asking for, as well as emerging search trends to determine what consumers are interested in."  Defendants further admit that on September 25, 2024, the Review Counsel website contained the statement: "Helping you become more confident in your next major financial decision."  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 22.

23.    Denied.

24.    Defendants admit that on September 25, 2024, the Review Counsel website contained the statement: "At Review Counsel, we value providing our customers with the most reliable information and ratings, which is why we are committed to being transparent in how those results

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

come about.  Our editorial team utilizes strict guidelines and considers a variety of data points when crafting each rating—putting consumers first!"  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 24.

25.    Denied.

26.    Defendants admit that in a Statement of Information filed with the State of California on January 18, 2024 (File No.: BA20240108577), Review Counsel lists its Manager or Member Name as Mutual of Omaha Mortgage, Inc., with the same address as Mutual of Omaha.  Defendants admit that a Statement of Information filed with the State of California on January 18, 2024 (File No.: BA20240108577) contains the statement "PLATFORM FOR MORTGAGE LEAD GENERATION."  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 26.

27.    Defendants admit that the articles on the Review Counsel website on September 25, 2024, titled as "How a Reverse Mortgage Line of Credit Works," "How a Reverse Mortgage Lump Sum Payment Plan Works," and "Complete Guide to the Reverse Mortgage Appraisal Process," were authored by a Mutual of Omaha employee.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 27.

28.    Denied.

29.    Denied.

30.    Defendants admit that RFS is a tradename for Mutual of Omaha.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 30.

31.    Denied.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

36.    Denied.

37.    Denied.

38.    Denied.

39.    Paragraph 39 contains representations regarding customer ratings and other data on the Review Counsel website on a particular date, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 39.

40.    Defendants admit that on or about September 25, 2024, the Review Counsel website contained language stating, "Some of the firms shown may compensate us to be on this site, which helps us keep this service free for consumers.  Review Counsel is affiliated with Mutual of Omaha Mortgage and Retirement Funding Solutions, and recommends them for their deep experience, customer service, and borrower reviews." Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 40.

41.    Defendants admit that on or about September 25, 2024, the Review Counsel website contained language stating that "Review Counsel is affiliated with Mutual of Omaha Mortgage and Retirement Funding Solutions, and recommends them for their deep experience, customer service, and borrower reviews."  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 41.

42.    Denied.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

43.     Denied.

44.     Denied.

45.     Paragraph 45 contains representations regarding content on the Advisory Institute website on a particular date, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 45.

46.     Paragraph 46 contains representations regarding content on the Advisory Institute website on a particular date, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 46.

47.     Denied.

48.     Defendants admit that on or about September 25, 2024, the Advisory Institute website contained the screenshot referenced in paragraph 48, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 48.

49.     Denied.

50.     Defendants admit that on or about September 25, 2024, the Advisory Institute website contained the screenshot referenced in paragraph 50, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 50.

51.     Denied.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

52.    Defendants admit that on or about September 25, 2024, the Advisory Institute website contained the screenshot referenced in paragraph 52, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 52.

53.    Defendants admit that on or about September 25, 2024, the Advisory Institute website contained the language: "Trustpilot Ratings," "Accreditation and Authorization," "Company Accessibility," "Educational Resources," "Loans Available," and "Financial Stability."  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 53.

54.    Denied.

55.    Paragraph 55 contains representations regarding content on the Review Counsel website on a particular date, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 55.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Paragraph 59 contains representations regarding content on the RFS website, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 59.

60.     Defendants admit that RFS is a tradename for Mutual of Omaha.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 60.

61.     Denied.

62.     Defendants admit that RFS is a tradename for Mutual of Omaha.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 62.

63.     Defendants admit that RFS operates as a tradename of Mutual of Omaha and is separately licensed and disclosed as a tradename in the NMLS for all states in which licensing and disclosure of tradenames is required.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 63.

64.     Defendants admit that RFS is separately licensed and disclosed as a tradename in the NMLS for all states in which licensing and disclosure of tradenames is required.  Defendants admit that Mutual of Omaha is licensed in 49 states plus the District of Columbia.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 64.

65.     Defendants admit that RFS is a tradename for Mutual of Omaha.  Defendants further admit that Mutual of Omaha is licensed in 49 states plus the District of Columbia.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 65.

66.     Defendants admit that RFS is a tradename for Mutual of Omaha.  Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 66.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

67.     Paragraph 67 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

68.     Paragraph 68 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

69.     Paragraph 69 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

70.     Paragraph 70 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to the law is denied.

71.     Paragraph 71 contains representations regarding content of a CFPB Advisory Opinion, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence. Defendants deny the remaining allegations contained in paragraph 71.

72.     Denied.

73.     Paragraph 73 contains representations regarding content of a CFPB Advisory Opinion, which is the best evidence of its own contents, and Defendants deny any allegations inconsistent with such evidence. Defendants deny the remaining allegations contained in paragraph 73.

74.     Denied.

75.     Defendants admit that on September 25, 2024, the Review Counsel website contained language stating: "Our platform receives advertising compensation from certain partners.  This financial relationship may influence the presence or positioning of companies on our website."

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

Except as expressly admitted, Defendants deny the remaining allegations contained in paragraph 75.

76.    Paragraph 76 states legal conclusions, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.  Defendants deny the remaining allegations contained in paragraph 76.

77.    Paragraph 77 states legal conclusions, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.  Defendants deny the remaining allegations contained in paragraph 77.

78.    Paragraph 78 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.  Defendants deny the remaining allegations contained in paragraph 78.

79.    Denied.

80.    Paragraph 80 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.  Defendants deny the remaining allegations contained in paragraph 80.

81.    Paragraph 81 states legal conclusions, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.  Defendants deny the remaining allegations contained in paragraph 81.

82.    Denied.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FIRST CAUSE OF ACTION**

### **(Violation of Lanham Act Against All Defendants)**

83.    Defendants reassert and repeat the averments and responses in the foregoing paragraphs as if fully set forth herein.

84.    Paragraph 84 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

## **SECOND CAUSE OF ACTION**

### **(Violation of California Unfair Competition Law Against All Defendants)**

89.    Defendants reassert and repeat the averments and responses in the foregoing paragraphs as if fully set forth herein.

90.    Paragraph 90 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.

91.    Paragraph 91 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.

92.    Denied.

93.    Denied.

94.    Denied.

95.    Denied.

96.    Denied.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

97.    Denied.

98.    Denied.

99.    Denied.

100.    Denied.

## THIRD CAUSE OF ACTION

### (Violation of Florida Deceptive and Unfair Trade Practices Act Against All Defendants)

101.    Defendants reassert and repeat the averments and responses in the foregoing paragraphs as if fully set forth herein.

102.    Paragraph 102 states a legal conclusion, to which no response is required.  To the extent a response is deemed required, anything contrary to law is denied.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

## PRAYER FOR RELIEF

The remainder of the Plaintiff's Complaint sets forth Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations contained in the prayer for relief and further aver that Plaintiff is not entitled to the requested relief or any relief whatsoever.  Defendants further deny any and all allegations in the Plaintiff's Complaint not expressly admitted herein to which a response is deemed required.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

## DEFENSES

Without assuming any burden that it otherwise would not bear, Defendants assert the following avoidances and defenses to Plaintiff's claims. Defendants reserve the right to assert additional avoidances and defenses as they become known during discovery and based on the record as it develops, up to and including at the time of trial.

## FIRST DEFENSE

1.     Plaintiff's claims are barred, in whole or in part, because Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.     Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to assert its claims in the Complaint.

## THIRD DEFENSE

3.     Plaintiff is not entitled to injunctive relief because Plaintiff has an adequate remedy at law.

## FOURTH DEFENSE

4.     Plaintiff's claims are barred, in whole or in part, because Defendants are not liable for the acts of any other Defendant.

## FIFTH DEFENSE

5.     Plaintiff's claims are barred, in whole or in part, by the applicable federal and state statutes of limitations. To the extent Plaintiff seeks to bring claims outside the applicable statutes of limitations, the Complaint is time-barred. To the extent that the Complaint relies on information made public more than four years ago, the Complaint is time-barred.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

**SIXTH DEFENSE**

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to exercise reasonable care to mitigate any damages it may have suffered.

**SEVENTH DEFENSE**

7.      Plaintiff's claims are barred, in whole or in part, because any alleged injuries and damages were not legally or proximately caused by any acts or omissions of Defendants or were caused, if at all, solely and proximately by Plaintiff's conduct or by the conduct of third parties other than Defendants including, without limitation, the prior, intervening, or superseding conduct of Plaintiff or such third parties.  Additionally, Plaintiff's claims are barred, in whole and/or in part, because any alleged injury is too remote.

**EIGHTH DEFENSE**

8.      Plaintiff's claims are barred by the equitable doctrine of laches.  Plaintiff demonstrated an unreasonable lack of diligence in bringing its claims, and Defendants have been prejudiced by Plaintiff's lack of diligence.  Plaintiff's unreasonable lack of diligence in bringing its claims now bars those claims.

**NINTH DEFENSE**

9.      Plaintiff's claims are barred, in whole or in part, due to their ratification of, and consent to, the Defendants' conduct.

**TENTH DEFENSE**

10.      Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff seeks improper multiple damage awards, and damage awards duplicative of those sought in other actions, in violation of the due process

guarantees of the Fifth and Fourteenth Amendments of the United States Constitution and the Eighth Amendment of the United States Constitution.

## **ELEVENTH DEFENSE**

11.    Some of Plaintiff's state-law claims cannot be brought against Defendants for a lack of jurisdiction.  For instance, the Florida laws cited in Count III of the Complaint are not intended to, and do not, apply to conduct occurring outside of that state, and the Complaint does not include any Plaintiff from Florida.

## **TWELFTH DEFENSE**

12.    Some of Plaintiff's state-law claims are barred, in whole or in part, to the extent Plaintiff seeks damages under state laws that do not permit recovery of damages by private plaintiffs.

## **THIRTEENTH DEFENSE**

13.    Plaintiff's claims against Defendants are barred under Federal Rule of Civil Procedure 4(c), (m).

## **FOURTEENTH DEFENSE**

14.    Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to comply with the notice requirements under various state laws.

## **FIFTEENTH DEFENSE**

15.    Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## **SIXTEENTH DEFENSE**

16.    Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### SEVENTEENTH DEFENSE

17.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTEENTH DEFENSE

18.     Plaintiff's claims are barred, in whole or in part, by the state action doctrine.

### NINETEENTH DEFENSE

19.     Some or all of Plaintiff's claims are barred because all of Defendants' conduct challenged by Plaintiff was lawful, fair, non-deceptive, expressly authorized by law, reasonable, justified, and pro-competitive; it constituted a bona fide business practice consistent with industry practices and was carried out in furtherance of legitimate business interests; and it was part of Defendants' lawful business operations.

### TWENTIETH DEFENSE

20.     Defendants adopt and incorporate by reference all other defenses asserted by any other Defendant to the extent those defenses would apply to Defendants.

### TWENTY-FIRST DEFENSE

21.     Defendants reserve the right to assert other defenses as this action proceeds, up to and including at the time of trial.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

# COUNTERCLAIMS

Defendants/Counter-Plaintiffs Mutual of Omaha Mortgage, Inc. ("Mutual of Omaha") and Review Counsel LLC ("Review Counsel") (collectively, "Counter-Plaintiffs") bring this Counterclaim against Longbridge Financial, LLC (hereinafter, "Longbridge") and allege as follows:

## Nature of the Case

1.     Longbridge is engaging in a targeted effort to interfere with Counter-Plaintiffs' marketing and business development, in an attempt to disrupt Counter-Plaintiffs' business and unfairly favor itself. Upon information and belief, this scheme has involved sending anonymous complaints to Counter-Plaintiffs, Google, trade associations, and regulators. As explained below, Longbridge's anonymous complaint(s) to Google constitute intentional interference. Further, Longbridge itself advertises on websites that violate the very provisions of RESPA that it has accused Counter-Plaintiffs of violating. Such actions constitute unlawful and unfair competition under California law.

## The Parties

2.     Mutual of Omaha is a Delaware corporation with its headquarters located in San Diego, California.

3.     Review Counsel is a California limited liability company with its headquarters located in San Diego, California.

4.     According to the Complaint, Longbridge is a Delaware corporation with its headquarters located in Paramus, New Jersey.

## Jurisdiction and Venue

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because the Court has original jurisdiction over the Complaint and

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

the counterclaims are so related to claims in the Complaint that they form part of the same case or controversy under Article III of the United States Constitution.

6.     The Court has personal jurisdiction over Longbridge because it has consented to the jurisdiction of the Court by filing the Complaint.

7.     Venue is proper because Longbridge has consented to the venue by filing the Complaint.

## **Factual Allegations**

### ***The Review Counsel Website***

8.     Since December 2017, Review Counsel has maintained a website, reviewcounsel.org (the "RC Website"), that rates financial services companies offering a broad spectrum of products based on objective criteria that Review Counsel has developed and periodically verifies.

9.     The RC Website currently reviews and scores over eighty companies in nine (9) different industry categories to provide useful information to consumers about these companies.

10.     The majority of the RC Website is informational.  When a consumer clicks on a third-party lender's link that is displayed on the RC Website, the RC Website links directly to the lender's website.

11.     The only compensation Review Counsel receives from advertising partners is for advertisements that are placed on a stand-alone page on the RC Website.

12.     The RC Website can be broken down into five main pages: "Ratings," "Companies," "Categories," "Articles," and "Disclosure."  The RC Website utilizes objective criteria to establish its ratings of companies on the Ratings page, and all companies on the Ratings page are displayed alphabetically.  The Companies page is effectively a restatement of the

Ratings page, alphabetically displaying the companies that are rated on the RC Website along with the corresponding rating. The Categories page displays the categories of products reviewed on the RC Website. Within the Categories page, the RC Website lists a subset of "Sponsored Categories," which is the only page on which Review Counsel's advertising partners are specifically featured and is labeled to indicate it is an advertising page. The Articles page provides consumers additional information and links to other pages of the RC Website when relevant. Finally, the Disclosure page contains detailed disclosures of, among other things, the advertisers on the website and Review Counsel's affiliation with Mutual of Omaha Mortgage.

13. The RC Website discloses the criteria used on the Ratings page.

14. Retirement Funding Solutions ("RFS") began paying to advertise on the RC Website in 2018. That same year, Mutual of Omaha acquired the trade name of RFS as part of an acquisition of one-hundred percent of the shares of Synergy One Lending, Inc.

15. In 2021, Mutual of Omaha acquired Review Counsel. Mutual of Omaha and RFS continue to advertise on the RC website.

16. The RC Website states: "Review Counsel is owned and operated by Mutual of Omaha Mortgage."

17. Longbridge is among the companies reviewed on the RC Website on the Ratings and Companies pages.

18. Longbridge has not paid to advertise on the RC Website, so it does not appear on the Sponsored Categories page for reverse mortgages.

19. On the Ratings page, Longbridge's rating is lower than Mutual of Omaha's rating. This rating is based upon application of the criteria disclosed on the RC Website. For example, unlike Mutual of Omaha, Longbridge chooses *not* to offer its customers 24/7 phone support or a

mobile application.  If it did, its rating would be nearly identical to Mutual of Omaha's rating on the RC Website.  That alone accounts for the difference in Longbridge's rating vis-à-vis Mutual of Omaha's rating.  Nonetheless, Review Counsel gives Longbridge positive coverage on its Companies page.

***Series of Anonymous Complaints Against Counter-Plaintiffs***

20.    On or about April 21, 2023, Mutual of Omaha received an anonymous complaint sent directly to the Director of Compliance's email address.

21.    The April 2023 email was sent by swissgeneva49@gmail.com. As is obvious from the email address itself, "Swiss Geneva 49" is a pseudonym designed to preserve anonymity.

22.    The April 2023 email complained about the RC Website. Specifically, the email contained a number of allegations that are identical in wording and substance to the complaint Longbridge filed in this case, included graphical screenshots similar to those included in Longbridge's complaint, and cited the same CFPB Advisory Opinion on which Longbridge's complaint relies in significant part.

23.    When Mutual of Omaha requested additional information from swissgeneva49@gmail.com, its request went unanswered.

24.    On or about July 27, 2023, a trade association informed Mutual of Omaha of a complaint it had received, raising many of the same allegations identified in the swissgeneva49@gmail.com email discussed above, and in Longbridge's complaint in this case.

25.    Although the trade association did not reveal the exact contents or source of the complaint when it first informed Mutual of Omaha of the Complaint, Mutual has subsequently learned that Longbridge was the source of the complaint.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

26.     On or about April 8, 2024, the Washington State Department of Financial Institutions informed Mutual of Omaha that a complaint had been made against it using a portal for consumer complaints.  The complaint included therewith was dated December 19, 2023 (the "Washington Letter").

27.     The Washington Letter also was sent from swissgeneva49@gmail.com and was therefore anonymous.

28.     The specific issues raised in the Washington Letter included that: (a) Review Counsel's affiliation is largely hidden and disclosed only in 12-point font, which would be difficult for seniors in particular to read; (b) Mutual of Omaha and RFS are listed as separate companies on Review Counsel's website when RFS is a d/b/a of Mutual of Omaha; and (c) the ratings for Mutual of Omaha and RFS are inflated by giving undue weight to their mobile app and "24/7" availability.

29.     The Washington State Department of Financial Institutions investigated the allegations, found no regulatory violations, and closed its investigation without action on May 14, 2024.

30.     Counter-Plaintiffs are aware of at least one other similar complaint to regulators regarding the RC Website in or around December 2023 and January 2024.

31.     Upon information and belief, and based specifically on the similarity of the complaints to the allegations asserted by Longbridge in this case, all of the complaints described in the foregoing paragraphs were lodged by Longbridge or at Longbridge's behest.  In at least the Washington State complaint, Longbridge or its agent evidently posed (falsely) as a consumer when lodging the complaint with a government regulator.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

***Complaint to Google and Resulting Suspension***

32.    For many years, Counter-Plaintiffs have paid Google for advertising and prominent placement of their websites on Google's search results.  This is common for companies in the mortgage industry.

33.    Upon information and belief, in or around November 2023, Google received a complaint about the RC Website.  Based upon what Google shared about the complaint, the contents seemed to be quite similar to those raised to regulators, trade associations, and Mutual of Omaha via the anonymous complaints described above.  Therefore, the complaint contained misrepresentations about the RC website.

34.    Google did not reveal the identity of the complainant to Counter-Plaintiffs but stated that it was a large advertiser in Counter-Plaintiffs' industry.

35.    Upon information and belief, Longbridge either lodged the complaint with Google or caused the complaint to be made.

36.    As a result of the complaint, Google suspended and restricted the RC Website and other websites owned by Counter-Plaintiffs from appearing in Google Search results for approximately four months.

37.    During the time when Google suspended Counter-Plaintiffs' other websites as a result of the complaint received, Counter-Plaintiffs lost the ability to reach a substantial portion of consumers through the RC Website.  Consequently, Mutual of Omaha originated fewer loan transactions.

38.    As a result of Longbridge's conduct described above, Counter-Plaintiffs have suffered damages, including lost profits, in an amount to be determined at trial.

### ***Longbridge's Own Advertising in Violation of RESPA***

39.    Section 8(a) of RESPA states: "No person shall give . . . any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C.A. § 2607(a).

40.    Longbridge contends that Section 8(a) applies to "non-neutral" online mortgage comparison tools, relying on a 2023 CFPB advisory opinion. *See* Compl. ¶¶ 69–70.

41.    Longbridge has advertised on at least four different mortgage comparison websites: Money.com, ConsumersAdvocate.org, BestMoney.com, and MortgageLendersComparison.com (the "Longbridge Sites").

42.    On one or more of the Longbridge Sites, Longbridge is or has been displayed as the highest-ranked lender.  This implies that Longbridge has been selected as the best mortgage company based on objective criteria, rather than based on paying the Longbridge Sites.

43.    Upon information and belief, however, Longbridge has paid for favorable ratings and placement on one or more of these websites.  For example, as of October 2024, MortgageLendersComparison.com expressly stated on its website that compensation impacts the location, order, and score of the brands presented:

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

> www.mortgagelenderscomparison.com is a free online resource that strives to offer helpful content and comparison features to our visitors. We accept advertising compensation from companies that appear on the site, which impacts the location and order in which brands (and/or their products) are presented, and also impacts the score that is assigned to it. Company listings on this page DO NOT imply endorsement. We do not feature all providers on the market. Except as expressly set forth in our Terms of Use, all representations and warranties regarding the information presented on this page are disclaimed. The information, including pricing, which appears on this site is subject to change at any time.

44.    By paying for a favorable score and/or favorable placement on some or all of the Longbridge Sites, Longbridge has violated RESPA under Longbridge's own theory in its complaint.  In contrast, any compensation received by Review Counsel or Advisory Institute does *not* affect the ratings or scores of the companies listed on those websites.

## FIRST CAUSE OF ACTION

### (Tortious Interference with Business Relations)

45.    Counter-Plaintiffs reassert and repeat the allegations in the foregoing paragraphs as if fully set forth herein.

46.    Counter-Plaintiffs have an established economic relationship with Google, which Counter-Plaintiffs pay for displaying the RC Website and other affiliated websites.  This relationship benefits Review Counsel by ensuring traffic to the RC Website, such that Review Counsel can sell advertising space thereon.  This relationship also benefits Mutual of Omaha by ensuring that consumers can easily access the RC Website.

47.    Upon information and belief, at all material times, Longbridge was aware of Counter-Plaintiffs' relationships with Google, in part because

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

nearly all major reverse mortgage companies have an advertising relationship with Google. Absent such awareness, Longbridge would not have complained to Google or caused a complaint to be made to Google.

48.    Upon information and belief, Longbridge complained to Google, or caused a complaint to be made to Google, with the intent of disputing Counter-Plaintiffs' relationship with Google.

49.    Upon information and belief, Longbridge knew or should have known that the complaints made to Google about the RC Website were not true, yet Longbridge made such representations with the intent of inducing Google to rely upon such representations. Google did rely on those representations when it suspended the RC Website and Counter-Plaintiffs' other websites.

50.    Counter-Plaintiffs' relationship with Google was substantially disrupted for approximately four months.

51.    The disruption of Counter-Plaintiffs' relationship with Google caused Counter-Plaintiffs to lose revenue generated through their websites.

## SECOND CAUSE OF ACTION

### (Violation of California Unfair Competition Law)

52.    Counter-Plaintiffs reassert and repeat the allegations in the foregoing paragraphs as if fully set forth herein.

53.    The UCL prohibits "unfair competition," which includes "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." *See* Cal. Bus. & Prof. Code § 17200.

54.    Longbridge's payment to receive higher placement and a more favorable score on the Longbridge Sites violates a number of laws, including RESPA, and therefore constitutes an unlawful business practice.

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

55. Longbridge's payment to receive higher placement and a more favorable score on the Longbridge Sites harms competition and consumers by misleading consumers about the reasons for the rankings provided. There is no appreciable benefit from such conduct, and any incidental benefit is outweighed by the harm to competition and consumers. Therefore, it constitutes an unfair business practice.

56. Additionally, Longbridge's false reports to Google constitute an unfair business practice because they harmed Counter-Plaintiffs' ability to compete and limited consumers' options for mortgages. There is no appreciable benefit from such conduct, and any incidental benefit is outweighed by the harm to competition and consumers.

57. Counter-Plaintiffs suffered economic injury in the form of lost profits as a result of the above-described conduct.

58. Counter-Plaintiffs are entitled to injunctive relief under the UCL.

59. Counter-Plaintiffs further seek, and are entitled to receive, their reasonable attorney fees incurred in bringing and prosecuting this action, which seeks the "enforcement of an important right affecting the public interest" pursuant to California Civil Code of Procedure Section 1021.5.

## **PRAYER FOR RELIEF**

WHEREFORE the Counter-Plaintiffs, Mutual of Omaha and Review Counsel, respectfully request that this Court:

A. Enter judgment against Longbridge for damages in an amount to be proven at trial resulting from Longbridge's intentional interference with business relations;

B.    Enter an injunction against Longbridge prohibiting it from engaging in unlawful and unfair conduct with respect to advertising on websites and lodging complaints with private third parties;

C.    Award attorneys' fees, costs, and expenses to Counter-Plaintiffs;

D.    Award pre- and post-judgment interest on the damages owed by Longbridge to Counter-Plaintiffs; and

E.    Award any and all other relief that the Court deems appropriate or necessary.


## DEMAND FOR JURY TRIAL

Mutual of Omaha Mortgage, Inc. and Review Counsel LLC hereby demand a jury trial on any and all issues triable to a jury.


Dated: January 14, 2025

Respectfully submitted,

**BRADLEY ARANT BOULT CUMMINGS LLP**


*/s/ Charles E. Elder*

Charles E. Elder


**DICKINSON WRIGHT PLLC**

Lael D. Andara

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

**DICKINSON WRIGHT PLLC**
Robert N. Driscoll
rdriscoll@dickinsonwright.com
1825 Eye Street NW, Suite 900
Washington, DC 20006
202-466-5955

*Counsel for Defendants*
*Mutual of Omaha Mortgage, Inc. &*
*Review Counsel LLC*

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS

## CERTIFICATE OF SERVICE

I hereby certify that the below-listed individuals were served via ECF on January 14, 2024:

Nicole R. Van Dyk
nvandyk@birdmarella.com
Julia B. Cherlow
jcherlow@birdmarella.com
Darren L. Patrick
dpatrick@birdmarella.com
**BIRD, MARELLA, RHOW,**
**LINCENBERG, DROOKS, & NESSIM, LLP**
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

*Counsel for Plaintiff Longbridge Financial, LLC*


Earll M Pott
epott@rosinglaw.com
**ROSING POTT & STROHBEHN**
501 West Broadway, Suite A380
San Diego, CA 92101
619-235-6000

*Counsel for Defendant Advisory Institute, LLC*


*/s/ Charles E. Elder*
Charles E. Elder

MUTUAL OF OMAHA MORTGAGE, INC. AND REVIEW COUNSEL LLC'S
ANSWER AND COUNTERCLAIMS