# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONGBRIDGE FINANCIAL, LLC, a Delaware limited liability company,<br><br>               Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA MORTGAGE, INC., a Delaware corporation; REVIEW COUNSEL LLC, a California limited liability company; ADVISORY INSTITUTE, LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>               Defendants. | Case No.: 3:24-cv-01730-DMS-VET<br><br>**ORDER FOLLOWING NOVEMBER 20, 2025 DISCOVERY CONFERENCE** |

    The Court held a Discovery Conference on November 20, 2025. Counsel Nicole R. Van Dyk and Darren L. Patrick appeared for Plaintiff Longbridge Financial, LLC ("Longbridge") and Counsel Charles Elder and Kimberly Ingram-Hogan appeared for Defendants Mutual of Omaha Mortgage, Inc. ("Mutual") and Review Counsel LLC ("Review") (collectively "Defendants"). The parties presented discovery disputes concerning Mutual's responses to certain requests in Longbridge's Requests for Production of Documents, Set One ("RFPs").

Based on a review of the relevant written discovery, meet and confer letters between the parties, the parties' oral argument, and for the reasons articulated by the Court on the record, the Court **ORDERS** the following:

1. As to RFP Nos. 8 and 10, Longbridge **SHALL** further narrow the scope of these RFPs to identify specific topics of information sought by Longbridge. By no later than **November 24, 2025**, Longbridge **SHALL** send correspondence to Mutual with the updated RFPs. Thereafter, the parties **SHALL**, without delay, meet and confer in person or by videoconference to attempt to resolve any outstanding disputes.

2. As to RFP Nos. 32 and 33, Mutual **SHALL** produce responsive information in its custody and control related to all Communications (as defined by the RFPs) between Mutual and the following:

    a. private third parties, including Google;
    b. regulators in the states of California and Washington; and
    c. the Consumer Financial Protection Bureau ("CFPB"), subject to the consent of CFPB, if required for disclosure.

Mutual **SHALL** produce and provide Longbridge with the following: (i) the "consent decree" referenced on the record involving Mutual and regulators in Massachusetts subject to the consent of Massachusetts' regulators, if required for disclosure; and (ii) the "no-action letter" from CFPB subject to the consent of CFPB, if required for disclosure.

By no later than **November 26, 2025**, pursuant to Federal Rule of Civil Procedure 26(b)(5)(A), Mutual **SHALL** produce and provide Longbridge with a privilege log reflecting all responsive information withheld by Mutual in response to RFPs No. 32 and 33. Thereafter, the parties **SHALL**, without delay, meet and confer regarding the contents of the privilege log and promptly raise any outstanding issues with the Court.

3. As to RFP No. 49, the parties **SHALL** meet and confer further in person or by videoconference to attempt to resolve any outstanding disputes.

4.    If the parties cannot resolve any remaining discovery disputes after exhausting the meet and confer process, the parties may contact the undersigned's Chambers to request a follow-on discovery conference.

5.    The Scheduling Order, dated June 9, 2025, remains in effect. *See* ECF No. 46.

**IT IS SO ORDERED.**

Dated: November 21, 2025

_____
Honorable Valerie E. Torres
United States Magistrate Judge